# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

HYDRAFACIAL LLC, formerly     )
known as EDGE SYSTEMS LLC, a  )
California limited liability company,  )
                                   )
        Plaintiff,            )
                                   )
v.                                 )    Case No. CIV-23-930-SLP
                                 )
THE SCULPTING LAB, LLC,     )
                                 )
        Defendant.       )

## COMPLAINT

Plaintiff, HydraFacial LLC, formerly known as Edge Systems LLC ("Plaintiff" or "HydraFacial"), hereby complains of The Sculpting Lab, LLC ("Defendant" or "Sculpting Lab") and alleges as follows:

## THE PARTIES

1.      Plaintiff HydraFacial is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 2165 E. Spring Street, Long Beach, California 90806.   HydraFacial LLC recently changed its name from Edge Systems LLC.

2.      HydraFacial is informed and believes, and, based thereon, alleges that Defendant Sculpting Lab is a limited liability company organized and existing under the laws of the State of Oklahoma, with its principal place of business located at 609 S Kelly Avenue, Suite F 3, Edmond, Oklahoma 73003.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the claims in this action that relate to trademark infringement, false designation of origin, and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1114, 1116, 1121(a), and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within Oklahoma and this judicial district.  For example, Defendant has a principal place of business in this judicial district at 609 S Kelly Avenue, Suite F 3, Edmond, Oklahoma 73003.  Defendant has been selling, offering for sale, and promoting infringing products and services in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, promoting, offering to sell, and selling infringing products and services to consumers in this district and selling into the stream of commerce knowing such products or services would be sold in Oklahoma and this district.  These acts form a substantial part of the events or omissions giving rise to HydraFacial's claims.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant has a regular and established place of business in this judicial district and because Defendant has committed acts of infringement by promoting, selling and/or

offering to sell infringing products and services in this judicial district.  Venue is also proper because Defendant resides in this district.

## GENERAL ALLEGATIONS

6.    HydraFacial is a worldwide leader in the design, development, manufacture and sale of high-quality skin resurfacing and rejuvenation systems and services, including microdermabrasion and hydrodermabrasion systems and services.  These services rejuvenate skin by cleaning and exfoliating the skin surface, extracting debris from pores, and nourishing the skin's surface with a therapeutic solution, called a "serum," that moisturizes and protects the treated skin surface.  HydraFacial markets and sells services throughout the United States to end users through, for example, dermatologists, plastic surgeons, cosmetic physicians and aestheticians at medical spas who provide hydradermabrasion services provided with authentic HydraFacial products and consumables through the HydraFacial® service trademark under licenses from HydraFacial.

7.    HydraFacial has invested significant time, effort, and resources to promote and market its HYDRAFACIAL service mark.  HydraFacial has extensively and continuously used its HYDRAFACIAL service mark in connection with its microdermabrasion and hydrodermabrasion systems and services since at least as early as 2005.  HydraFacial owns the HYDRAFACIAL service mark and licenses it for use to offer services performed with authentic HydraFacial machines, serums, and consumables (e.g., tips).  Accordingly, HydraFacial is able to ensure consistently excellent services and ensure that all patients are receiving a treatment that meets HydraFacial's quality

control standards.   An example of HydraFacial's use of its HYDRAFACIAL mark in connection with its services is shown below:

## Get That Hydrafacial Glow from Scalp-to-Toe

Hydrafacial treatments aren't just for your face! Target other areas that need some TLC and get instant, glowing results.



### Hydrabody

Brighten and smooth areas of your body to improve texture, fight dullness, and prevent breakouts and clogged pores. Ask your Hydrafacialist to target areas like:

- Booty
- Back
- Thighs
- Neck and Décolleté
- Hands

# Treatment Types

Experience the Hydrafacial glow from scalp to toe with our variety of skin-transforming treatments.





8.     HydraFacial is the company's corporate name and the source of the HydraFacial products and services.

9.     HydraFacial and its skin treatment services have been featured in numerous media outlets, including *People Magazine, Elle Magazine, The Good Morning America* show, *Allure*, *The Hollywood Reporter*, *Elle Magazine's Beauty Book*, *Harper's Bazaar Magazine*, *Essence*, *Simply Her*, and *The Doctors* television show.

10.     More than two million authentic HydraFacial treatments were performed per year in the United States in 2021 and 2022.   More than two million authentic HydraFacial treatments have already been performed in the United States in 2023.   These treatments have been performed by licensed, trained personnel using official HydraFacial

equipment, serums, and consumables.  Authentic HydraFacial treatments have become very well-known in the industry.  In 2021, HydraFacial had more than 490,000 engagements and 40,000,000 impressions on Instagram.  In 2022, those numbers grew to over 635,000 engagements with over 40,000,000 impressions.

11.    HydraFacial has obtained incontestable U.S. Trademark Registration No. 4,317,059 (the "'059 Registration") for HYDRAFACIAL® service mark, which was filed on August 17, 2012. A true and correct copy of the '059 Registration is attached hereto as **Exhibit 1**.

12.    The HydraFacial treatments and services provided by HydraFacial include unique non-invasive treatments that improve skin health and address individual needs. HydraFacial won Best Cosmetic Treatment from the Cosmopolitan Readers' Choice Beauty Awards in 2023.

13.    HydraFacial has extensively and continuously used its HYDRAFACIAL mark in connection with its microdermabrasion and hydrodermabrasion systems and services since 2005. Due to HydraFacial's extensive efforts, as well as the publicity associated with HydraFacial's microdermabrasion and hydrodermabrasion treatments, the HYDRAFACIAL mark is an important component of HydraFacial's business and is widely recognized as symbolizing HydraFacial's high-quality microdermabrasion and hydrodermabrasion treatments and services.

14.    As a result of HydraFacial's long, continuous, extensive, and exclusive use of the HYDRAFACIAL mark, as well as its marketing, promotion, and sale of services and treatments under the mark, the public has come to recognize this mark as identifying

services that originate from or are otherwise associated exclusively with HydraFacial. HydraFacial has spent enormous time, effort, and expense to create valuable goodwill in the HYDRAFACIAL mark.

15.     Defendant is in the business of marketing and selling cosmetic facial treatment products and services, including microdermabrasion and hydrodermabrasion services.  Defendant competes with HydraFacial and its licensees.  Defendant markets and sells its medical products and services throughout the United States to patients.

16.     Subsequent to HydraFacial's use of the HYDRAFACIAL mark, Defendant has used the HYDRAFACIAL mark in connection with cosmetic treatments under the name of "HydraFacial" and "Hydra-Facial."   For example, Defendant's website lists "Hydra-Facial" as one of the offered treatments and describes this treatment as "hydrafacial" and "HydraFacial Magic," as shown below in the screenshot of Defendant's website (https://thesculptinglab.janeapp.com/).  Attached hereto as **Exhibit 2** is a true and correct copy of a printout from Defendant's website showing Defendant's description of its "Hydra-Facial" treatment product.



17.     Defendant also uses the HYDRAFACIAL service mark on its social media accounts, as shown below, to advertise its own treatments, which are not performed with authentic HydraFacial® serums.  Attached hereto as **Exhibit 3** is a true and correct copy of a printout from Defendant's Instagram account in which Defendant describes its services and treatments as "hydrafacials."



 **thesculptinglabedmond** We ☐ Hydrafacials here at the medspa, there are so many benefits including hydration, exfoliation, and cleaning out all the gunk in your face!

#medspa #esthetician #hydrafacial #skin #poreremoval

2d

18.    As a provider of facial treatments and cosmetic services that compete with HydraFacial's industry-leading treatments and services, Defendant has obviously long been aware of HydraFacial, its products, and its HYDRAFACIAL mark.

19.    HydraFacial contacted Defendant on August 22, 2023, regarding Defendant's unauthorized use of the HYDRAFACIAL mark.  Below is a copy of a text

message exchange between the HydraFacial employee and the owner of the Defendant, Hamish McKay.



Attached hereto as **Exhibit 4** is a true and correct copy of this text message exchange. Instead of working with HydraFacial to obtain authorization to use the HYDRAFACIAL marks, Defendant's owner threatened the employee and denied using the marks.

20.    On August 31, 2023, counsel for HydraFacial sent a letter to Defendant specifically identifying the HYDRAFACIAL mark and providing examples of Defendant's unauthorized use of these marks.  Attached hereto as **Exhibit 5** is a true and correct copy of the letter HydraFacial sent to Defendant.  Thus, Defendant was aware of HydraFacial, its products, and its HYDRAFACIAL marks at the latest in August 2023. Defendant never provided any substantive response to the letter from HydraFacial's counsel.

21.     HydraFacial is informed and believes, and based thereon alleges that Defendant intends to pass off its services as being affiliated with, sponsored by, or approved by HydraFacial, when they are not, to misappropriate the immense goodwill that HydraFacial has spent enormous time, effort, and expense to cultivate in the marketplace, particularly given that Defendant is using the exact HYDRAFACIAL marks.  Defendant's use of the HYDRAFACIAL service mark in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products and services with HydraFacial, when there is none.

22.     Defendant's acts complained of herein have caused HydraFacial to suffer irreparable injury to its business.  HydraFacial will continue to suffer irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

23.     HydraFacial is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

## <u>COUNT I</u>

## <u>TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114</u>

24.     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-23 of this Complaint as if set forth fully herein.

25.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

26.     HydraFacial owns valid registered trademarks for the HYDRAFACIAL mark, including at least incontestable U.S. Trademark Registration Nos. 4,317,059 and 4,738,970.

27.     Without HydraFacial's permission, Defendant has used in commerce marks that are identical and confusingly similar to HydraFacial's HYDRAFACIAL marks that are the subject of HydraFacial's Trademark Registration listed in Paragraph 11 of the Complaint in connection with the offering, selling, and/or promoting of Defendant's products and services.  Such use is likely to cause confusion or mistake or to deceive consumers into believing that defendant and/or its services are associated with, sponsored by, originate from, affiliated with, or approved by HydraFacial, when they are not.

28.     HydraFacial is informed and believes, and on that basis alleges, that Defendant did so with the intent to unfairly compete with HydraFacial, to trade upon HydraFacial's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products and services are associated with, sponsored by, originated from, or are approved by HydraFacial, when they are not.

29.     HydraFacial is informed and believes, and on that basis alleges, that Defendant had actual knowledge of HydraFacial's ownership and prior use of the HYDRAFACIAL marks, and without the consent of HydraFacial, has willfully violated 15 U.S.C. § 1114.

30.     Defendant's aforementioned acts have injured HydraFacial and damaged HydraFacial in an amount to be determined at trial.  By its actions, Defendant has irreparably injured HydraFacial. Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of HydraFacial's rights, for which HydraFacial has no adequate remedy at law.

## COUNT II

## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN & FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

31.     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-30 of this Complaint as if set forth fully herein.

32.     This is a claim for trademark infringement, unfair competition, false designation of origin, and passing off, arising under 15 U.S.C. § 1125(a).

33.     Defendant's use of the HYDRAFACIAL mark, without HydraFacial's consent, constitutes trademark infringement, false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its products and services or commercial activities by another entity in violation of 15 U.S.C. § 1125(a). Defendant's use of the HYDRAFACIAL mark infringes HydraFacial's rights in at least the HYDRAFACIAL mark.

34.     Defendant's use of the HYDRAFACIAL mark, without HydraFacial's consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products and services or commercial activities in violation of 15 U.S.C. § 1125(a).

35.     HydraFacial is informed and believes, and based thereon alleges, that Defendant's acts of trademark infringement, false designation of origin, passing off, and unfair competition have been willful and without regard to HydraFacial's rights.

36.     Pursuant to 15 U.S.C. § 1117, HydraFacial is entitled to recover (1) Defendant's profits, (2) any damages sustained by HydraFacial, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award HydraFacial its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

37.     HydraFacial has been damaged by Defendant's conduct in an amount to be determined at trial.

38.     Due to Defendant's actions, constituting trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, HydraFacial has suffered and continues to suffer great and irreparable injury, for which HydraFacial has no adequate remedy at law.

39.     Defendant will continue its trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## COUNT III

## UNFAIR COMPETITION, TRADEMARK INFRINGEMENT UNDER OKLAHOMA DECEPTIVE PRACTICES ACT AND COMMON LAW

40.     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-39 of this Complaint as if set forth fully herein.

41.     This is a claim for unfair competition arising under Oklahoma Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78, § 51-56 and Oklahoma common law.

42.     Defendant's acts of trademark infringement and false designation of origin complained of herein constitute unfair competition and trademark infringement under statutory law, particularly the Oklahoma Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78, § 51-56, and common law of the State of Oklahoma.  Defendant has willfully and deliberately passed off its services as those of HydraFacial and knowingly made false representations as to the source, sponsorship, approval, or certification of its goods and services.  HydraFacial is the prior user of the HYDRAFACIAL mark, and Defendant's willful and deliberate use of the HYDRAFACIAL mark in commerce is likely to cause, and has already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by Defendant.

43.     HydraFacial is informed and believes, and based thereon alleges that Defendant undertook the acts alleged above willfully, deliberately, and in bad faith for the purpose of enriching itself to Hydrafacial's detriment.

44.     By its actions, Defendant has injured and violated the rights of HydraFacial and has irreparably injured HydraFacial, and such irreparable injury will continue unless Defendant is enjoined by this Court.

45.     On information and belief, Defendant received revenues and profits as a result of its infringing use, to which Defendant is not entitled, and HydraFacial has also suffered damages as a result of the infringing use, for which Defendant is responsible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant for the following relief:

A.      That the Court find for HydraFacial and against Defendant on HydraFacial's claims of trademark infringement under 15 U.S.C. § 1114;

B.      That the Court find for HydraFacial and against Defendant on HydraFacial's claims of trademark infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a), Okla. Stat. Ann. tit. 78, § 51-56, and Oklahoma common law;

C.      That the Court issue preliminary and permanent injunctions against Defendant, its agents, servants, employees, attorneys, agents, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. using the HYDRAFACIAL mark, or any other mark that is confusingly similar to the HYDRAFACIAL mark;

2. falsely designating the origin of Defendant's services or products;

3.  passing off Defendant's services or products as those of HydraFacial;

4.  misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's services or products;

5.  unfairly competing with HydraFacial in any manner whatsoever; and

6.  causing a likelihood of confusion or injuries to HydraFacial's business reputation.

D.    That Defendant account for all gains, profits, and advantages derived through Defendant's trademark infringement, false designation of origin, passing off, and unfair competition;

E.    That HydraFacial be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by HydraFacial as a result of Defendant's acts of trademark infringement, false designation of origin, passing off, and unfair competition, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action.  That such award of HydraFacial of damages and profits be trebled pursuant to 15 U.S.C. §1117;

F.    That HydraFacial be awarded actual damages under Okla. Stat. Ann. tit. 78, § 54(A), in an amount to be fixed by the Court;

G.    An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

H.    An award to HydraFacial of the attorneys' fees, expenses, and costs incurred by HydraFacial in connection with this action pursuant to 15 U.S.C. § 1117;

I.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

J.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HydraFacial requests a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  October 16, 2023          _/s/_ Elizabeth A. Price_____

Ali S. Razai, CA SBN  246922
(*pro hac vice pending*)
Email: ali.razai@knobbe.com
Benjamin J. Everton, CA SBN 259214
(*pro hac vice pending*)
Email: ben.everton@knobbe.com
Karen M. Cassidy, CA SBN 272114
(*pro hac vice pending*)
Email: karen.cassidy@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

and

Elizabeth A. Price, OBA No. 22278
Hartzog Conger Cason LLP
201 Robert S. Kerr Avenue, Suite 1600
Oklahoma City, OK 73102
Telephone: (405) 235-7000
Facsimile: (405) 996-3403
eprice@hartzoglaw.com

**ATTORNEYS FOR PLAINTIFF, HYDRAFACIAL LLC**