IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HYDRAFACIAL LLC, formerly known )
as EDGE SYSTEMS LLC, a California )
limited liability company, )
  )
            Plaintiff, )
  ) Case No. CIV-23-930-SLP
v. )
  )
THE SCULPTING LAB, LLC, )
  )
           Defendant. )

**O R D E R**

Before the Court is the Motion for Entry of Default [Doc. No. 29] filed by Plaintiff HydraFacial LLC against Defendant The Sculpting Lab, LLC. Defendant has not responded, and the time to do so has passed. For the following reasons, the Motion is GRANTED.

    **I.**    **Background**

Plaintiff filed its Complaint [Doc. No. 1] on October 16, 2023, alleging (1) trademark infringement under 15 U.S.C. § 1114, (2) trademark infringement, false designation of original, and unfair competition under 15 U.S.C. § 1125(a), and (3) unfair competition and trademark infringement under the Oklahoma Deceptive Trade Practices Act. About seven weeks later, Defendant filed an Answer [Doc. No. 11]. The Court entered a Scheduling Order [Doc. No. 17] on January 29, 2024.

A few days later, Defendant's counsel Emily Campbell moved to withdraw. *See* [Doc. No. 18]. Although the Court denied this initial request without prejudice, it permitted Ms. Campbell's withdrawal on February 15, 2024. *See* [Doc. No. 24]. The

Court ordered Defendant to retain new counsel within 30 days, and ordered Ms. Campbell "to accept service on behalf of Defendant and forward all documents . . . until new counsel has entered an appearance on Defendant's behalf." *Id.* at 1. The Court warned Defendant that failure to timely obtain new counsel may "may result in sanctions, including the entry of a default judgment." *Id.* at 2.

Defendant did not timely obtain new counsel. On March 20, 2024, the Court ordered Defendant "to show cause within 7 days of the date of this Order why it has not obtained counsel" and warned that "failure to comply with the Court's orders may result in sanctions, including the entry of default judgment against it." [Doc. No. 25] at 1. On April 1, 2024—without any response from Defendant or entry of appearance by new counsel—the Court ordered Plaintiff to file a motion seeking appropriate relief within 21 days. *See* [Doc. No. 26].

Plaintiff timely moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk entered default a few days later. *See* [Docs. No. 27, 28]. Plaintiff then moved for default judgment under Rule 55(b). *See* [Doc. No. 29]. The Court held a hearing on the Motion on August 20, 2024. Defendant did not appear at the hearing.

## II.   **Default Judgment is an Appropriate Sanction**

The Court may enter default judgment against a party who fails to appear or otherwise defend an action. Rule 55(a) provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Because Defendant participated in early stages of this litigation, the

2

Court declines to grant a default judgment under Rule 55.

Nevertheless, "Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party disobeys a court order." *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745 (10th Cir. 2018). Additionally, "courts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations and citations omitted). "Default judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Id.* at 1147–48 (quotations and citation omitted).

To determine whether entry of default judgment is an appropriate sanction, the Court applies the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) Those factors are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Id.* (citations and quotations omitted); *see also Klein–Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (applying *Ehrenhaus* factors in considering whether the sanction of default judgment was appropriate).

### 1. Degree of Actual Prejudice

Because Defendant is an LLC, it cannot proceed pro se. Plaintiff has been significantly hindered in seeking redress for its alleged injuries because of Defendant's

3

failure to comply with the Court's orders to obtain counsel, or to otherwise participate in ongoing litigation. Thus, Plaintiff has suffered sufficient prejudice and the first factor weighs in favor of default judgment.

### 2. Amount of Interference with Judicial Process

Defendant's actions—including its repeated failures to comply with and respond to Court orders—have caused significant delays in this case, required the Court to expend unnecessary resources, and hindered the Court's management of its docket. It is impossible for a case to move forward when a party refuses to participate in the litigation. The Court, therefore, concludes that Defendant's actions have substantially interfered with the judicial process.

### 3. Culpability

Defendant has failed to make any showing that it is not completely responsible for its actions in this case. Defendant has not provided any justifiable excuse or explanation for failing to comply with this Court's orders. Indeed, Defendant has been wholly nonresponsive, even though it unquestionably knows about the existence of this litigation. Accordingly, the Court finds Defendant is fully culpable for its actions.

### 4. Advance Warning

Defendant has been warned that its failure to comply with the Court's orders may subject it to further sanctions, including, but not limited to, entry of default judgment.

### 5. Efficacy of Lesser Sanctions

For the reasons detailed above, the Court finds any lesser sanctions will be ineffective due to Defendant's wholesale failure to participate. The Court therefore

concludes that the relevant factors weigh in favor of awarding default judgment to Plaintiff.

### III. Trademark Infringement

Plaintiff seeks injunctive relief for Defendant's infringing use of its trademark.[1] A plaintiff may establish a prima facie case of trademark infringement by establishing "it has a legal right to a mark and that the defendant's use of a similar mark is likely to generate consumer confusion in the marketplace." *Affliction Holdings, LLC v. Utah Vap or Smoke, LLC*, 935 F.3d 1112, 1114 (10th Cir. 2019). In determining whether Plaintiff has shown a likelihood of confusion, the Court considers:

> (1) the degree of similarity between the marks; (2) the intent of the alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks.

*Id.* at 1115. Although "no one factor is dispositive . . . the degree of similarity is the most important factor." *Id.* (citations and quotations omitted).

On consideration of these factors, the Court concludes Plaintiff has established a prima facie case of trademark infringement. Plaintiff is the current registered owner of the HYDRAFACIAL mark and "has extensively and continuously used its HYDRAFACIAL mark in connection with its microdermabrasion and hydrodermabrasion

---

[1] Plaintiff asserts claims under §§ 1114 and 1125(a) of the Lanham Act, as well as under Oklahoma state law. The analysis for these claims is identical. *See Derma Pen, LLC v. 4EverYoung Ltd.*, 773 F.3d 1117, 1120 (10th Cir. 2014); *JUUL Labs, Inc. v. Vearaima Inc.*, No. CIV-21-1004-JD, 2023 WL 10350601, at *4–6 (W.D. Okla. Dec. 13, 2023), *report and recommendation adopted*, No. CIV-21-01004-JD, 2024 WL 1009542 (W.D. Okla. Feb. 5, 2024).

systems and services since 2005." [Doc. No. 1] ¶ 13;[2] *see also* [Doc. No. 1-1] at 1; [Doc. No. 29-1] ¶¶ 3, 9. Plaintiff has also provided factual allegations demonstrating the strength of its mark, as well as its extensive use and promotion. *See* [Doc. No. 1] ¶¶ 6–14. In contrast, Defendant offers "cosmetic treatments under the name of 'HydraFacial' and 'Hydra-Facial.'" *Id.* ¶ 16; *see also* [Docs. No. 1-2, 1-3]. Defendant's infringing use of a nearly identical mark is willful, as it previously eschewed Plaintiff's informal attempts to discuss the infringing use and failed to respond to Plaintiff's cease-and-desist letter. *See* [Doc. No. 1] ¶¶ 19–20; [Docs. No. 1-4, 1-5]; *cf. Juul Labs*, 2023 WL 10350601, at *5 (concluding use was willful upon similar facts). Defendant's similar inaction with respect to this lawsuit impedes Plaintiff's ability to show evidence of actual confusion. Finally, the Court agrees with Plaintiff that purchasers of Defendant's infringing services are "unlikely to know if Defendant is affiliated with, sponsored by, or approved by HydraFacial and have little ability to know if the services they are getting are genuinely approved by HydraFacial  and are likely to trust their service provider to tell the truth about the source of their treatments." [Doc. No. 29] at 12–13.

## IV.   Permanent Injunctive Relief

Plaintiff seeks a permanent injunction to enjoin Defendant from continued unlawful use of its trademark.[3] The Lanham Act empowers the Court "to grant injunctions,

---

[2] "Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true." *Christ Ctr. of Divine Phil., Inc. v. Elam*, No. CIV-16-65-D, 2017 WL 564110, at *2 (W.D. Okla. Feb. 10, 2017).

[3] Plaintiff's counsel confirmed at the hearing that Plaintiff is not seeking monetary relief in connection with its Motion for Default Judgment.

according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). To obtain a permanent injunction, Plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*JUUL Labs*, 2023 WL 10350601, at *7 (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

The first element weighs in favor of an injunction. First, Plaintiff has shown that Defendant's use of its mark creates a likelihood of confusion. *Cf. id.* (citing *CommunityCare HMO, Inc. v. MemberHealth, Inc.*, 2006 WL 6130987, at *10 (N.D. Okla. May 8, 2006)). Additionally, Plaintiff has alleged that Defendant's continued infringing use of its mark will "misappropriate the immense goodwill that HydraFacial has spent enormous time, effort, and expense to cultivate in the Marketplace." [Doc. No. 1] ¶ 21; *see also id.* ¶¶ 14, 28.

As to the second element, Defendant continued to use the infringing mark after Plaintiff reached out about the unauthorized use of the protected mark and sent a subsequent cease-and-desist letter. Compl. [Doc. No. 1] ¶¶ 19–20. When coupled with Defendant's failure to defend this action or otherwise respond to the Court's orders, it appears "Defendant might continue to engage in infringing activities unless enjoined by the [C]ourt." *JUUL Labs*, 2023 WL 10350601, at *7.

Third, the balance-of-harms analysis in trademark cases "generally favors the trademark holder . . . because '[o]ne who adopts the marks of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived.'" *Pizza Inn, Inc. v. Allen's Dynamic Food, Inc.*, No. CIV-23-00164-PRW, 2023 WL 3015297, at *6 (W.D. Okla. Apr. 19, 2023) (quoting *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992)).  Defendant has provided no evidence of hardship in the event the injunction is granted.  Accordingly, "[t]he irreparable harm that has been and will continue to be suffered by [Plaintiff] outweighs any potential harm that [Defendant] may suffer from an injunction."  *CrossFit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1106 (D. Colo. 2014).

Finally, "it is in the public interest to avoid deceit and confusion in consumer transactions."  *Juul Labs*, 2023 WL 10350601, at *8.  Given the likelihood of consumer confusion discussed above, the final factor weighs in Plaintiff's favor.  The Court, therefore, concludes that Plaintiff is entitled to injunctive relief.

V. **Conclusion**

A permanent injunction is hereby imposed in favor of Plaintiff against Defendant, its agents, servants, employees, attorneys, agents, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. Using the HYDRAFACIAL® mark, or any other mark that is confusingly similar to the HYDRAFACIAL® mark in connection with the advertisement, promotion, or sale of any goods or services, and/or in any manner that is

8

    likely to create the impression that Defendant's products or services originate form HydraFacial, are endorsed by HydraFacial, or are connected in any way with HydraFacial;

2. Falsely designating the origin of Defendant's services or products;

3. Passing off Defendant's services or products as those of HydraFacial;

4. Misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's services or products;

5. Unfairly competing with HydraFacial in any manner whatsoever; and

6. Causing a likelihood of confusion or injuries to HydraFacial's business.

Additionally, Defendant shall destroy all devices, literature, advertising, goods and other unauthorized materials bearing the HYDRAFACIAL® mark, or any confusingly similar mark, pursuant to 15 U.S.C. § 1118.

  A separate default judgment will be entered.

  IT IS SO ORDERED this 21st day of August, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

9